UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE GOTTSCHALL**

**MAGISTRATE JUDGE DENLOW**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **08CR   483** |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| DARRELL RODGERS, | ) | Violations: Title 18, United States Code, |
| a.k.a. "D," | ) | Sections 1341, 1343 and 1344 |
| HENRY TATE, | ) | |
| a.k.a. "June," and | ) | |
| SANDRA BOWDEN | ) | |

**F I L E D**

### COUNT ONE

JUN 1 8 2008

The SPECIAL MARCH 2007 GRAND JURY charges:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.    At times material to this indictment:

a)    Defendant DARRELL RODGERS controlled New Family Mortgage, a licensed Illinois mortgage brokerage located at 1234 South Michigan Avenue, in Chicago, Illinois, at which defendants HENRY TATE and SANDRA BOWDEN were loan officers and defendant BOWDEN was also the office manager.

b)    Anthony Matthews owned and controlled Express Mortgage, a licensed Illinois mortgage brokerage located on Wabash Street and on Western Boulevard in Chicago, Illinois, at which defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN were loan officers.

c)    Fremont Investment & Loan, Wells Fargo Bank, USA Bank and National City Bank were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation. Wells Fargo Home Mortgage was a subsidiary of Wells Fargo Bank (collectively "Wells Fargo"). First Franklin Financial Corporation was a subsidiary of National City Bank.

d)    MIT Lending, New Century Mortgage, Countrywide Home Loans, Ameriquest

Mortgage, St. Francis Mortgage, Argent Mortgage, Linx Funding and Long Beach Mortgage were mortgage lending institutions engaged in the business of issuing mortgage loans for the purchase of residential property.

2.    Beginning no later than 2003 and continuing through at least 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June," and
SANDRA BOWDEN,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected financial institutions. More specifically, defendants schemed to fraudulently obtain over $40 million in mortgage loan proceeds from various financial institutions and mortgage lending institutions, including Fremont Investment & Loan, First Franklin Financial Corporation, Wells Fargo, USA Bank, National City Bank, MIT Lending, New Century Mortgage, Countrywide Home Loans, Ameriquest Mortgage, St. Francis Mortgage, Argent Mortgage, Linx Funding and Long Beach Mortgage among others (hereinafter referred to collectively as "lenders"), as described below.

3.    It was part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN, through Express Mortgage and then later through New Family Mortgage, submitted, and caused to be submitted, loan applications to lenders which falsely represented that the individual applying for the loan was the true purchaser of the property, when, in fact, the applicant was acting as a nominee purchaser for defendants.

2

4.    It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN and others recruited nominee purchasers by promising them that they would not have to make any down payments or mortgage payments, or pay any other costs; that the properties would be in their names only temporarily until the properties were resold; and that they would be paid between approximately $2500 and $5000 for each property for which they allowed their name to be used as a nominee purchaser.

5.    It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN and others obtained background information from nominee purchasers for purposes of using this information to complete loan applications.

6.    It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN and others prepared, and caused others to prepare, fraudulent mortgage loan application packages on behalf of the nominee purchasers, which packages contained loan applications which were fraudulent in that they contained a variety of what defendants knew to be false statements, including statements regarding the nominee purchasers' intent to occupy the property, employment, income, and assets, which were intended to induce lenders to approve mortgage loans to nominee purchasers who were not otherwise qualified for such loans.

7.    It was further part of the scheme that defendants DARRELL RODGERS and HENRY TATE forged, and caused to be forged, the signatures of nominee buyers on documents in the loan application packages, used nominees for the purchase or sale of additional properties without the knowledge of the nominee, and created nominees through the use of the identities of individuals who did not know of or consent to the use of their identities.

8.    It was further part of the scheme that defendants DARRELL RODGERS, HENRY

3

TATE and SANDRA BOWDEN created, and caused others to create, false documents to support the false statements in the loan applications, including false W-2s, earnings statements, and bank statements which were intended to cause lenders to believe that the applicants were earning larger amounts of money than they were actually earning and had larger amounts of money on deposit in their bank accounts than they actually had on deposit.

9.   It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN sought out lenders to issue mortgage loans to the nominee purchasers and concealed from potential lenders that the nominee purchasers did not intend to own the properties, reside in the properties, or pay the mortgages thereon, and that the true purpose for the loans was to enrich defendants RODGERS, TATE and BOWDEN and their co-schemers.

10.   It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN submitted, and caused others to submit, loan application packages to lenders containing the fraudulent and materially false loan applications and supporting documents, knowing the false statements were made for the purpose of inducing the lenders to issue loans to the nominee purchasers based on the false statements.

11.   It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN purchased, and caused the purchase of, down payment checks with the funds of New Family Mortgage which falsely listed the nominee purchasers as remitters, when in fact the nominee purchasers had not contributed any money toward the purchase of the down payment check, and caused these checks to be presented at closings in order to deceive lenders by creating the false impression that the nominee purchasers had made down payments.

12.   It was further part of the scheme that defendants DARRELL RODGERS and HENRY

4

TATE profited from the sale of the properties to the nominee purchasers from the brokers fees paid as a percentage of the fraudulently obtained loans, and that defendant SANDRA BOWDEN profited from her loan commission.

13.   It was further part of the scheme that at times defendants DARRELL RODGERS, HENRY TATE and SANDRA BOWDEN made, and caused to be made, the monthly mortgage payments on the properties purchased by the nominee purchasers by providing the nominee purchasers with cash or money orders to send to the lenders, and/or paying the monthly mortgage payments directly to the lenders, but falsely listing the nominee purchasers as the remitters of the money orders.

14.   It was further part of the scheme that defendants DARRELL RODGERS and HENRY TATE profited from fraudulently obtaining mortgage loans on behalf of nominee purchasers by forging, and causing to be forged, the signatures of nominee purchasers on title company checks payable to the nominee purchasers as excess closing funds and causing those checks to be deposited into the New Family Mortgage account.

15.   It was further part of the scheme that defendants DARRELL RODGERS and HENRY TATE fraudulently obtained loan proceeds by using a nominee purchaser as a nominee seller in a subsequent transaction in which the property was sold to a second nominee purchaser through a fraudulently obtained mortgage loan, forging, or causing to be forged, the signature of the nominee seller on the title company checks payable to the nominee seller and causing those checks to be deposited into the New Family Mortgage account.

16.   It was further part of the scheme that defendant SANDRA BOWDEN assisted defendants RODGERS and TATE by knowingly depositing checks with forged nominee signatures

5

into the New Family Mortgage account.

17.     It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE, and SANDRA BOWDEN, and others purchased and sold properties through nominees with fraudulently obtained mortgage loans, including the following:

| Address |
| --- |
| 5739 West Iowa, Chicago, Illinois |
| 627 Chesapeake, Bollingbrook, Illinois |
| 22058 Brooke, Richton Park, Illinois |
| 3317 West 173rd, Hazel Crest, Illinois |
| 2801 Diane Drive, Aurora, Illinois |
| 1537 South Harding, Chicago, Illinois |
| 2438-2440 West 62nd, Chicago, Illinois |
| 8159 South Talman, Chicago, Illinois |
| 9935 South Yates, Chicago, Illinois |
| 3606 West Grenshaw, Chicago, Illinois |
| 1721 North Monitor, Chicago, Illinois |
| 18564 Willow, Country Club Hills, Illinois |
| 18545 Willow, Country Club Hills, Illinois |
| 16834 South Jodave, Hazel Crest, Illinois |
| 2733 Caroline Drive, Homewood, Illinois |
| 1433 Schoenherr, Bollingbrook, Illinois |
| 6830 South Justine, Chicago, Illinois |
| 18123 Cherrywood, Homewood, Illinois |
| 1537 South Harding, Chicago, Illinois |
| 4740 West Fulton, Chicago, Illinois |

| |
|---|
| 7115 South Champlain, Chicago, Illinois |
| 2023 North Bingham, Chicago, Illinois |
| 2439 West Adams, Chicago, Illinois |
| 3135 West 15th Street, Chicago, Illinois |
| 2 East Erie, Apartment 3007, Chicago, Illinois |
| 6946 North Lorel, Skokie, Illinois |
| 18566 Cedar, Country Club Hills, Illinois |
| 18570 Willow, Country Club Hills, Illinois |

18.    It was further part of the scheme that defendants DARRELL RODGERS and HENRY TATE and their coschemers received the proceeds of the fraudulently obtained mortgage loans and used those loan proceeds to enrich themselves and to continue the scheme by using the funds to buy and sell more property.

19.    As a result of the fraudulent acts of defendants DARRELL RODGERS, HENRY TATE, and SANDRA BOWDEN, and others, lenders issued mortgage loans to nominee purchasers in an amount totaling more than $40 million and incurred losses on unpaid mortgage loans in the amount of at least approximately $6,000,000, and were unable to fully recover the amounts due on the loans by foreclosing on the properties.

20.    It was further part of the scheme that defendants DARRELL RODGERS, HENRY TATE, and SANDRA BOWDEN, and others did misrepresent, conceal, and hide, and cause to be misrepresented, concealed and hidden the true purpose of acts done in furtherance of the scheme.

7

21.     On or about June 24, 2003, at Chicago, in the Northern District of Illinois, Eastern

Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
HENRY TATE,
a.k.a. "June,"

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to

be transmitted by means of wire communication in interstate commerce, certain writings, signs, and

signals, namely, a closing protection letter dated June 24, 2003 from Law Title in Aurora, Illinois

to Chapel Mortgage in Rancocas, New Jersey, pertaining to the sale of the property located at 5739

West Iowa, Chicago, Illinois;

     In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    Beginning no later than in and about 2003 and continuing until in and about 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June," and
SANDRA BOWDEN,

defendants herein, and others, devised, intended to devise, and participated in a scheme to defraud financial institutions and to obtain money and property owned by and under the custody and control of financials institutions, including Fremont Investment & Loan, USA Bank, and National City Bank, by means of materially false and fraudulent pretenses, representations, and promises.

3.    The allegations in paragraphs 3 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

4.    On or about April 2, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY TATE,
a.k.a. "June,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing Fremont Investment & Loan, to fund two mortgage loans in the amount of approximately $260,000 and $65,000 to a buyer of the property located at 18564 Willow, Country Club Hills, Illinois;

9

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about December 14, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
HENRY TATE,
a.k.a. "June,"

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Wells Fargo Home Mortgage in Oak Brook, Illinois, to deliver by Airborne Express, a private or commercial interstate carrier according to the direction thereon an envelope addressed to Attorneys Title Guarantee in Woodridge, Illinois, which envelope contained documents pertaining to the sale of the property located at 2801 Diane Drive, Aurora , Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about December 17, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
HENRY TATE,
a.k.a. "June,"

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Law Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to MIT Lending in Middleton, Wisconsin, which envelope contained mortgage documents pertaining to the sale of the property located at 1537 South Harding, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about June 19, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
SANDRA BOWDEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a broker assignment letter and fee agreement from Linx Funding in Rancocas, New Jersey, to Express Mortgage in Chicago, Illinois, which documents pertained to the sale of the property located at 2438-2440 West 62nd, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about August 8, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
SANDRA BOWDEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, closing instructions from People's Choice in Irvine, California, to Debruyn, Taylor & Debruyn, Ltd, in Orland Park, Illinois, which documents pertained to the sale of the property located at 8159 South Talman, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

### COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     . The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about September 11, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,<br>
a.k.a. "D," and<br>
HENRY TATE,<br>
a.k.a. "June,"

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Law Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to MIT Lending in Schaumburg, Illinois, which envelope contained mortgage documents pertaining to the sale of the property located at 9935 South Yates, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

<u>COUNT EIGHT</u>

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 5, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,<br>
a.k.a. "D,"<br>
HENRY TATE,<br>
a.k.a. "June," and<br>
SANDRA BOWDEN,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Express Mortgage to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to New Century Mortgage in Itasca, Illinois, which envelope contained a loan application pertaining to the sale of the property located at 3606 West Grenshaw, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about March 31, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY TATE,
a.k.a. "June,"

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Law Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to First Franklin Financial Corporation in San Jose, California, which envelope contained mortgage documents pertaining to the sale of the property located at 1721 North Monitor, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

<u>COUNT TEN</u>

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about February 26, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,<br>
a.k.a. "D," and<br>
HENRY TATE,<br>
a.k.a. "June,"

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Fremont Investment & Loan to deliver by U.S. Mail according to the direction thereon an envelope addressed to the buyer at 18545 Willow, Country Club Hills, Illinois, which envelope contained information regarding the first mortgage payment pertaining to the sale of the property located at 18545 Willow, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Section 1341.

<u>COUNT ELEVEN</u>

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 3 of Count Two of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about February 27, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
HENRY TATE,
a.k.a. "June,"

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Fremont Investment & Loan, to fund a mortgage loan in the amount of approximately $325,000 to a buyer of the property located at 18545 Willow, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWELVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about February 27, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June,"and
SANDRA BOWDEN,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Law Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to MIT Lending in Middleton, Wisconsin, which envelope contained closing documents pertaining to the sale of the property located at 16834 South Jodave, Hazel Crest, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT THIRTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about December 23, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
SANDRA BOWDEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a payoff letter from Countrywide Home Loans in Plano, Texas, to Law Title in Evergreen Park, Illinois, which documents pertained to the sale of the property located at 2733 Caroline Drive, Homewood, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOURTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about November 18, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June," and
SANDRA BOWDEN,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Express Mortgage to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to Fremont Investment & Loan, which envelope contained a loan application pertaining to the sale of the property located at 1433 Schoenherr, Bolingbrook, Illinois;

In violation of Title 18, United States Code, Section 1341.

22

## COUNT FIFTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 3 of Count Two of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about December 10, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June," and
SANDRA BOWDEN,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing Fremont Investment & Loan, to fund two mortgage loans in the amount of approximately $252,000 and $62,300 to a buyer of the property located at 1433 Schoenherr, Bolingbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

<u>COUNT SIXTEEN</u>

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about January 26, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,<br>
a.k.a. "D," and<br>
HENRY TATE,<br>
a.k.a. "June,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a payoff letter from Ameriquest in Houston, Texas, to New Family Mortgage in Chicago, Illinois, which documents pertained to the sale of the property located at 6830 South Justine, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

24

## COUNT SEVENTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about January 27, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
HENRY TATE,
a.k.a. "June,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a payoff letter from Fairbanks Capital Corp. in Salt Lake City, Utah, to New Family Mortgage in Chicago, Illinois, which documents pertained to the sale of the property located at 18123 Cherrywood, Homewood, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT EIGHTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about May 12, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY TATE,<br>
a.k.a. "June,"

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Law Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to Argent Mortgage, which envelope contained mortgage documents pertaining to the sale of the property located at 1537 South Harding, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT NINETEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about April 16, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY TATE,
a.k.a. "June,"

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Law Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to First Franklin Financial Corporation, which envelope contained mortgage documents pertaining to the sale of the property located at 4740 West Fulton, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWENTY

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 3 of Count Two of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about May 28, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY TATE,<br>
a.k.a. "June,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing USA Bank, to fund a mortgage loan in the amount of approximately $245,000 to a buyer of the property located at 7115 South Champlain, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

28

## COUNT TWENTY-ONE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about July 28, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY TATE,
a.k.a. "June,"

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Stewart Title to deliver by Federal Express, a private or commercial interstate carrier according to the direction thereon an envelope addressed to Countrywide Loans in Plano, Texas, which envelope contained a loan payoff pertaining to the sale of the property located at 2439 West Adams, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

<u>COUNT TWENTY-TWO</u>

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about October 18, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a payoff statement from Countrywide Home Loans in Ft. Worth, Texas, to the seller of the property in Illinois, which document pertained to the sale of the property located at 2 East Erie, Apartment 3007, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

COUNT TWENTY-THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 3 of Count Two of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about November 16, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing Fremont Investment & Loan, to fund two mortgage loans in the amount of approximately $264,000 and $66,000 to a buyer of the property located at 2 East Erie, Apartment 3007, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWENTY-FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about December 16, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**DARRELL RODGERS,**
a.k.a. "D,"

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Counselors Title to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to Homeq in North Highlands, California, which envelope contained a loan payoff pertaining to the sale of the property located at 6946 North Lorel, Skokie, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWENTY-FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 20 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about November 6, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DARRELL RODGERS,
a.k.a. "D," and
SANDRA BOWDEN,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Express Mortgage to deliver by United Parcel Service, a private or commercial interstate carrier according to the direction thereon an envelope addressed to MIT Lending in Schaumburg, Illinois, which envelope contained documents pertaining to the sale of the properties located at 18566 Cedar, Country Club Hills, Illinois and 18570 Willow, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION ONE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations contained in Counts One, Three through Ten, Twelve through Fourteen, Sixteen through Nineteen, Twenty-One, Twenty-Two, Twenty-Four and Twenty-Five of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      As a result of their violations of Title 18, United States Code, Sections 1341 and 1343 as alleged in the foregoing Indictment,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June," and
SANDRA BOWDEN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to: $5.7 million.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant(s):

        (a)      Cannot be located upon the exercise of due diligence;

34

    (b)      Has been transferred or sold to, or deposited with,

                a third party;

    (c)      Has been placed beyond the jurisdiction of the Court;

    (d)      Has been substantially diminished in value; or

    (e)      Has been commingled with other property which cannot

                be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations contained in Counts Two, Eleven, Fifteen, Twenty and Twenty-Three of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.      As a result of their violations of Title 18, United States Code, Section 1344 as alleged in the foregoing Indictment,

DARRELL RODGERS,
a.k.a. "D,"
HENRY TATE,
a.k.a. "June," and
SANDRA BOWDEN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 982(a)(2)(A), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section, 982(a)(2)(A) include but are not limited to: $1.5 million.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant(s):

        (a)      Cannot be located upon the exercise of due diligence;

        (b)      Has been transferred or sold to, or deposited with,

               a third party;

        (c)      Has been placed beyond the jurisdiction of the Court;

        (d)      Has been substantially diminished in value; or

36

(e)     Has been commingled with other property which cannot

be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions

of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

Section 982(b).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY