UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      )
                                 )
       v.                   )          No. 08 CR 483
                                 )
DARRELL RODGERS, et al.      )          Hon. Joan B. Gottschall

**UNOPPOSED MOTION OF THE UNITED STATES FOR PROTECTIVE ORDER**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby moves the Court for entry of a protective order pursuant to Fed. R. Crim. P. 16(d)(1). In support of its motion, the government states:

The United States intends to produce to defense counsel materials concerning a mortgage fraud investigation. Included among the materials to be provided to defense counsel are financial records and other personal information concerning certain individuals.

Under Fed. R. Crim. P. 16(d), upon a sufficient showing, a court may enter a protective order denying, restricting or deferring discovery, or may "make such other order as is appropriate." *See also United States v. Bin Laden*, *et al.*, 58 F. Supp.2d 113, 116 (S.D.N.Y. 1999). The decision whether or not to enter a protective order under Rule 16 is a matter for the discretion of the district court and will not be disturbed on review absent an abuse of that discretion. *See United States v. Siegel, et al.*, 1997 WL 12804 * 2 (S.D.N.Y. 1997).

The Supreme Court has made clear that a trial court may issue an enforceable protective order that specifically prohibits unwarranted disclosure by a defendant or his

counsel of discovery information. *Alderman v. United States*, 394 U.S. 165, 185 (1969) (discussing former Fed. R. Crim. P. 16(e) now embodied in Rule 16(d)(1)). In *Alderman*, the Court noted that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials they may be entitled to inspect." *Id.*

The proposed protective order submitted with this motion should be entered in this because disclosure of the information and documents unduly impact the privacy of certain individuals and, if publically disseminated, could pose a risk to the integrity of their financial records and their financial security. While the government will make these materials available for review, the privacy and security of the individuals in question is a sufficiently compelling reason to prevent their dissemination beyond the parties to this case. The government therefore asks that certain restrictions be placed on the use and distribution of these materials.

Thus, the Court can and should place the defendants, their counsel and other members of the defense teams under an enforceable protective order against unwarranted disclosure of these and other discovery materials. *Alderman*, 394 U.S. at 185.

Counsel for defendants Tate and Bowden have agreed to the entry of a protective order, and counsel for defendant Rogers does not oppose it.

WHEREFORE, the government requests that the Court enter the proposed protective

order submitted separately in connection with this motion.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


 s/ Matthew M. Getter

By:    MATTHEW M. GETTER
       CHRISTINA EGAN
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the

## UNOPPOSED MOTION OF THE UNITED STATES FOR PROTECTIVE ORDER

was served on August 19, 2008, in accordance with Fed. R. Crim.P.49, Fed R. Civ.P.5,LR5.5, and the General Order on Electronic Case filing (ECF), pursuant to the district court's system as to ECF filers.

> Respectfully submitted,
> PATRICK J. FITZGERALD
> United States Attorney

By:     s/ Matthew M. Getter
> MATTHEW M. GETTER
> Assistant United States Attorney
> 219 South Dearborn Street, 5th Floor
> Chicago, Illinois 60604
> (312) 886-7651

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA                  )
                                          )
        v.                                )        No.    08 CR 483
                                          )        Judge Joan B. Gottschall
DARRELL ROGERS, et al.                    )

**<u>PROTECTIVE ORDER</u>**

Upon the government's motion for a protective order, it is hereby ORDERED as

follows:

1.      All materials produced by the government in preparation for, or in connection

with, any stage of the proceedings in this case shall remain the property of the United States.

Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges

against the defendants, all such materials and all copies made thereof shall be destroyed.  All

copies withheld by the defense by express order of Court shall be preserved only so long as

is necessary for further proceedings related to this cause, after which they shall be returned

to the United States or destroyed.  The Court may require a certification as to the disposition

of any such materials retained.

2.      All materials provided by the United States may be utilized by the defendants

and their counsel solely in connection with the defense of this case and for no other purpose

and in connection with no other proceeding.  The materials and any of their contents shall

not be disclosed either directly or indirectly to any person or entity other than the defendants,

defendants' counsel, persons assisting in the defense, persons who are interviewed or

consulted during the course of the investigation of this case or such other persons as to whom

the Court may authorize disclosure.   Any notes or records of any kind that defense counsel

or the defendants may make relating to the contents of materials provided by the government

shall not be disclosed to anyone other than the defendants' counsel, and persons employed

to assist the defense, or such other person as to whom the Court may authorize disclosure,

and all such notes and records shall not be disclosed except as provided by this Order.

3.      The materials shall not be copied or reproduced except so as to provide copies

of the material for the use by each defense lawyer and defendant and such persons as are

employed by them to assist in the defense and such copies and reproductions shall be treated

in the same manner as the original matter.

4.      The restrictions set forth in this order do not apply to documents that are public

record, including but not limited to, trial transcripts, documents that have been received in

evidence at other trials, or documents that are otherwise in the public domain.

5.      Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions.  However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

_____

JOAN B. GOTTSCHALL
United States District Judge


_____
DATE